DOWNEY BRAND LLP
MELISSA A. THORME (Bar No. 151278)
mthorme@downeybrand.com
ANNA R. MARCROFT (Bar No. 343257)
amarcroft@downeybrand.com
LAUREN M. MURVIHILL (Bar No. 346162)
lmurvihill@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:    916.444.2100

*Attorneys for Plaintiff Andrew Moroz.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MOROZ,<br><br>      Plaintiff<br><br>   v.<br><br>STATE WATER RESOURCES CONTROL BOARD; ENVIRONMENTAL LABORATORY ACCREDITATION PROGRAM; and CHRISTINE SOTELO, in her official and individual capacity.<br><br>      Defendants. | **COMPLAINT FOR DEPRIVATION OF PRIVATE PROPERTY WITHOUT DUE PROCESS (42 U.S.C. § 1983)** |

Plaintiff ANDREW MOROZ ("Plaintiff") alleges against Defendants STATE WATER RESOURCES CONTROL BOARD, its ENVIRONMENTAL LABORATORY ACCREDITATION PROGRAM, and CHRISTINE SOTELO (collectively, "Defendants"), as follows:

## INTRODUCTION

1.   In this action, Plaintiff Andrew Moroz seeks to recover his property interest in his laboratory's accreditation of which Defendants have wrongfully deprived him without due process of law as guaranteed under the Fifth and

Fourteenth Amendments of the United States Constitution.  Defendants' conduct continues to cause Plaintiff to suffer economic injury, reputational injury, and emotional distress that must be redressed.

2. On May 22, 2023, Defendants wrongfully denied Plaintiff's Application for Renewal of ELAP Accreditation ("Denial"), causing Plaintiff's laboratory's Certificate of Accreditation to expire on May 31, 2023.  Plaintiff's laboratory is his only source of income.  Because of Defendants' Denial, Plaintiff has not had an income for the past five months, forcing him to eat through his savings to support himself and his family.

3. Not only was Defendants' Denial wrongful, but the Denial also deprived Plaintiff of due process as guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution by failing to provide a pre-denial opportunity to respond to allegations, failing to provide timely review of Plaintiff's Petition for Reconsideration of the Denial, and failing to grant Plaintiff a post-deprivation hearing to defend his property interest in his laboratory's accreditation.

4. Defendants have therefore unconstitutionally interfered with Plaintiff's property interest in his laboratory's Renewal and Certificate of Environmental Accreditation without due process of law.

5. Plaintiff seeks a declaration that Defendants' conduct violates the Due Process Clause of the Fifth and Fourteenth Amendments and prospective injunctive relief on Defendants' Denial to restore Plaintiff's laboratory accreditation.

6. Plaintiff also seeks a declaration that California Health and Safety Code § 116701(c) is unconstitutional on its face because it circumvents due process requirements, and prospective injunctive relief enjoining Defendants from continuing to enforce it.

7. Plaintiff is also entitled to attorney's fees and costs if he prevails on any of his section 1983 claims.  (42 U.S.C. § 1988.)

## PARTIES

8. Plaintiff Andrew Moroz is, and at all times relevant herein was, a natural person residing in San Diego, California. He is part-owner of Analytical Chemical Labs, Inc. ("ACL"), an environmental testing laboratory in San Diego, California. ACL has provided environmental and industrial hygiene analysis of water, wastewater, air, dust, soil, solid waste, and hazardous materials to United States Navy contractors, the waterfront community, and individual customers throughout Southern California since 1994.

9. Defendant State Water Resources Control Board (the "State Board") is, and at all times relevant herein was, an official department of the California Environmental Protection Agency, located in Sacramento, California.

10. Defendant Environmental Laboratory Accreditation Program ("ELAP") is, and all times relevant herein was, a regulatory entity existing under the authority of the State Board, headquartered in Sacramento, California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Christine Sotelo ("Sotelo") is, and all times relevant herein was, a natural person residing in Sacramento County, California. Sotelo is, and at all times relevant herein was, the Chief and Program Manager of ELAP.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under 42 U.S.C. § 1983.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

14. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201, and this Court has the authority under 28 U.S.C. §§ 2201–02 to grant Plaintiff declaratory and injunctive relief from Defendants' deprivation of his property right without due process.

# ALLEGATIONS

### I. Defendants Wrongfully Deprived Plaintiff of his Property.

15. Analytical Chemical Labs, Inc. ("ACL") is a family-owned laboratory based in San Diego, California. Plaintiff is an owner and the Lab Director of ACL, and has managed the day-to-day operations of ACL for the past twenty-five years. Plaintiff and his wife are the sole owners of ACL, and are the only employees of ACL. ACL provides the only source of income for Plaintiff and his family.

16. Under California Health and Safety Code § 100825, *et seq.*, Plaintiff is required to obtain an ELAP Certificate of Environmental Accreditation ("ELAP Certification") to operate ACL in the normal course of its business. Until recent events occurred, Plaintiff has maintained consistent ELAP Certification on behalf of ACL since 2001.

17. On May 22, 2023, Defendants wrongfully denied Plaintiff's Application for Renewal of ELAP Certification (the "Application") under California Health and Safety Code § 100850, subdivisions (b)(4) and (5), and § 100865, subdivision (c), without an opportunity to respond to the allegations related to the Denial, or a guarantee of a post-deprivation hearing. Defendants based their Denial on 2018 and 2022 On-Site Assessment reports and ELAP's alleged denial of entry to ACL's laboratory in person on April 11, 2023.

18. Between May and June, 2018, ELAP-sanctioned auditors conducted two On-Site Assessments ("OSA") of ACL. After Plaintiff addressed the OSA's findings in a series of Corrective Action Reports, Defendants issued Plaintiff ELAP Certification valid from June 1, 2018 to May 31, 2020.

19. On May 29, 2020, Defendants issued Plaintiff another ELAP Certification, valid from June 1, 2020 to May 31, 2022. Defendants did not conduct an OSA of ACL prior to issuing this 2020 certificate.

20. On March 29, 2022, Defendants issued Plaintiff Interim ELAP Certification valid from June 1, 2022 to May 31, 2023, pending the outcome of an

1 OSA. After conducting another OSA on May 18-19, 2022, Defendants
2 recommended ACL for further ELAP Certification, thereby confirming ACL's
3 compliance with all statutory and regulatory obligations as of September 13, 2022.

4   21. Plaintiff submitted an application with the requisite $2,500 fee to add
5 certain additional Fields of Accreditation ("FOA") to ACL's Interim Certificate
6 based on ACL passing its OSA and Proficiency Testing ("PT") evaluation. ELAP
7 accepted Plaintiff's application and added the additional FOA Plaintiff requested to
8 ACL's Interim Certificate.

9   22. In April 2023, Plaintiff requested a refund from ELAP for the annual
10 fees he paid while operating ACL on the Interim Certificate. He also requested a
11 new Certificate of Environmental Accreditation, effective June 1, 2023, again based
12 on ACL passing its OSA and PT evaluation.

13   23. Soon thereafter, on April 11, 2023, Defendants attempted to conduct
14 an unannounced OSA at ACL. However, the lab was closed when Defendants'
15 representatives arrived. ACL's hours are posted on its front door. Because Plaintiff
16 operates ACL alone, with occasional administrative help from his wife, ACL is open
17 Monday through Friday from 9:30 AM to 5:30 PM, <u>by appointment only</u>.

18   24. Plaintiff was at the hospital when Defendants arrived, but spoke with
19 Defendant's representatives and offered to be back at ACL within forty-five
20 minutes. Defendants declined, asserting that they no longer had time for the OSA
21 because they had to catch a flight. Rather than work with Plaintiff to reschedule the
22 OSA, Defendants wrongfully and inaccurately accused Plaintiff of refusing them
23 entry into ACL.

24   25. On May 22, 2023, and without attempting to conduct another OSA,
25 Defendants issued the Denial of Plaintiff's Application because ELAP
26 representatives claimed they were denied entry during their visit on April 11, 2023.
27 Defendants also claimed that Plaintiff's 2018 and 2022 Corrective Action Reports
28 failed to resolve all of Defendants' then findings, despite previously issuing ELAP

1 Certification based on those same reports.

2     26.    On or around June 21, 2023, Plaintiff petitioned Defendants for reconsideration in accordance with California Health and Safety Code §§ 100855 and 116701, and requested that a hearing pursuant to Health and Safety Code § 116701(c) be scheduled as soon as possible.

    27.    While temporary suspensions of accreditation statutorily require a timely hearing be held within 30 days under Health and Safety Code § 100915(a)(2)(A), the requirement of a timely hearing, if granted at all, is inexplicably missing from the Health and Safety Code when denials of certification are involved.  This allows Defendants to sit on Petitions for Reconsideration and requests for hearings indefinitely.

    28.    As of the date of this Complaint, nearly five months later, Defendants have failed to schedule the requested hearing.

    29.    Due to Defendant's actions, Plaintiff is suffering economic harm on a daily basis for failure to be able to conduct his business without a valid laboratory accreditation from Defendants.

## II.  *Defendants Cannot Deprive Plaintiff of a Property Interest without Due Process.*

    30.    To establish a constitutionally-protected property interest, a plaintiff must have more than a unilateral expectation of such right, and the plaintiff must have a legitimate claim of entitlement to it.  (*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).)  "Whether a statute creates a property interest depends largely upon the extent to which the statute limits an agency's discretion in denying a license to an applicant who meets the minimum requirements." (*Groten v. California,* 251 F.3d 844, 850 (9th Cir. 2001).)  In other words, if the governing statute directs that a license shall be granted or renewed upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, the licensee has a property right in the re-issuance of the license.  (*Thornton v.*

1  *City of St. Helens,* 425 F.3d 1158, 1164-65 (9th Cir. 2005).)

2  31.   The United States Supreme Court has recognized that property interests extend to already-acquired benefits. "Once licenses are issued…their continued possession may become essential in the pursuit of a livelihood.  Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees." (*Bell v. Burson,* 402 U.S. 535, 539 (1971).)  The Ninth Circuit has specifically recognized that an existing license, in contrast to an applied for license, constitutes a legitimate entitlement of which one cannot be deprived without due process.  (*Greenwood v. Federal Aviation Administration,* 28 F.3d 971, 975 (9th Cir. 1994).)

32.   Health and Safety Code § 100850 does not grant Defendants discretion to deny certification or renewal of certification if all requirements under the regulations are met.  ELAP accreditation is also an "already-acquired benefit" that Plaintiff has enjoyed for decades, and his continued possession is "essential in the pursuit of a livelihood" as evidenced by him being forced to shut down ACL and lose his sole source of income.  Moreover, at issue is the denial of an existing laboratory license that Plaintiff tried to renew rather than an application for a brand-new license.

33.   Therefore, Plaintiff has a property interest in the renewal of his ELAP accreditation that Defendants denied him without due process.

### III.   The Laws Involved in Depriving Plaintiff of his Property Interest are Facially Unconstitutional.

34.   To establish a law is unconstitutional on its face, a plaintiff must show that no set of circumstances exists under which the statute would be valid or that the statute lacks any "plainly legitimate sweep." (*U.S. v. Stevens*, 559 U.S. 460, 472 (2010).)

35.   Health and Safety Code § 116701(c) is unconstitutional on its face because it allows Defendants to schedule a post-deprivation hearing on a timeline

entirely up to their own discretion and fails to provide a reasonable timeline for when Defendants must decide whether to schedule a post-deprivation hearing.

36. When a property interest is at stake, due process demands at the very least a post-deprivation hearing. Laws and regulations that allow the circumvention of a timely post-deprivation hearing are unconstitutional at all times and under all circumstances.

37. Therefore, Health and Safety Code § 116701(c) is facially unconstitutional.

### IV. *The Ex Parte Young Exception Bars the Defense of Sovereign Immunity.*

38. The *Ex parte Young* exception provides that the Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officers "in their official capacities, to enjoin an alleged ongoing violation of federal law." (*Hason v. Medical Bd. of California*, 279 F.3d 1167, 1171 (9th Cir. 2002), *citing Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).) Suits challenging the constitutionality of a state official's action are not considered actions against the State itself and are not barred by Eleventh Amendment immunity. (*Ex parte Young*, 209 U.S. 123, 154 (1908).)

**FIRST CAUSE OF ACTION**

**(U.S. Constitution, Procedural Due Process; 42 U.S.C. § 1983)**

**Against All Defendants**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above as if fully set forth herein.

40. The Fifth and Fourteenth Amendments to the United States Constitution protect private Plaintiffs from the deprivation of private property without due process.

41. Plaintiff has maintained ELAP Certification on behalf of ACL consistently since 2001. Under California Health and Safety Code § 100850, Defendants lack discretion to deny ELAP Certification to an applicant who has

satisfied all statutory and regulatory requirements. Plaintiff's ELAP Certification is essential to the continued operation of Plaintiff's business, ACL. Plaintiff's continued operation of ACL is essential to the pursuit of his livelihood. Plaintiff's ELAP Certification represents a property right of which Plaintiff cannot constitutionally be deprived without due process.

42. Defendants, acting under California Health and Safety Code § 100825, *et seq*., wrongfully deprived Plaintiff of this property right without due process when they denied Plaintiff's Application without prior opportunity to be heard. Plaintiff fears that this Denial was issued out of retaliation because Plaintiff was a member of an organization that judicially challenged ELAP's regulations in the past, and because Plaintiff requested a refund from ELAP and questioned fees charged in a manner he believed did not comply with the law.

43. Under California Health and Safety Code §§ 100829 and 100830, Defendants are vested with authority to adopt regulations to establish ELAP Certification procedures and conditions under which Defendants may deny an application for ELAP Certification.

44. Under California Health and Safety Code § 100910, Defendants are required to provide notice and opportunity for hearing prior to the suspension or revocation of a laboratory's ELAP Certification. Even though denial of re-certification essentially equates to revocation, California Health and Safety Code § 100910 does not require Defendants to provide notice and opportunity prior to the *denial* of an application for re-Certification. The law also requires that any administrative matter be exhausted before a writ of mandate can be filed in state court, thereby also thwarting Plaintiff's legal rights to a speedy resolution.

45. Defendants continue to deny Plaintiff his valuable property right without due process by refusing to provide an opportunity to be heard post-denial of Plaintiff's Application. Plaintiff has filed a petition for reconsideration pursuant to California Health and Safety Code § 116701, however, such procedure is wholly

inadequate in both substance and form.  California Health and Safety Code § 116701 does not place any time constraints on Defendants to consider and determine the merits of any petition for reconsideration.  Nor does California Health and Safety Code § 116701 expressly allow a petitioner to recover damages for erroneous decisions made by ELAP staff.  Plaintiff's petition has been pending since June, 2023, and Defendants have failed to offer any legitimate justification for their failure to set a hearing within a reasonable time.  Defendants continue to deny Plaintiff his valuable property right without due process by refusing to schedule a reconsideration hearing as set forth in California Health and Safety Code § 116701(c).

46. Plaintiff is informed and believes, and thereon alleges, that Defendants' maintain a policy and/or custom of attempting to conduct OSAs without an appointment or outside a laboratory's regular business hours, and refusing to take reasonable measures to perform an OSA if one cannot be performed on Defendants' first attempt for any reason.

47. Plaintiff is informed and believes, and thereon alleges, that Defendants maintain a policy and/or custom of refusing to consider emergency circumstances in deciding whether to subsequently attempt to perform an OSA.

48. Plaintiff is informed and believes, and thereon alleges, that Defendants maintain a policy and/or custom of denying ELAP Certification pursuant to California Health and Safety Code § 100865(c), even if Defendants attempt to conduct the OSA outside of the laboratory's regular business hours, and even if the OSA could not be conducted due to emergency circumstances.

49. Plaintiff is informed and believes and thereon alleges, that Defendants maintain a policy and/or custom of refusing to provide an opportunity to be heard prior to Defendants denial of ELAP re-Certification.

50. Plaintiff is informed and believes, and thereon alleges, that Defendants maintain a policy and/or custom of refusing to implement procedures to ensure an

opportunity to be heard within a reasonable time post-denial of ELAP re-certification.

50. Plaintiff is informed and believes, and thereon alleges, that Defendants maintain a policy and/or custom of operating while understaffed.

52. Plaintiff is informed and believes, and thereon alleges, that Defendants maintain a policy and/or custom of failing to timely set reconsideration hearings, or setting reconsideration hearings pursuant to California Health and Safety Code § 116701 on a non-priority basis.

53. Plaintiff is informed and believes, and thereon alleges, that Defendants adhered to the above-described policies and/or customs with deliberate indifference to Plaintiff's constitutional rights when engaged in the conduct described herein.

54. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of Defendants adherence to the above-described policies and/or customs, Plaintiff was denied a valuable property right without due process in violation of his rights under the Fifth and Fourteenth Amendments.

55. Plaintiff is informed and believes, and thereon alleges, that Defendant Sotelo knew, or should have known that she was violating Plaintiff's constitutional rights when engaged in the conduct alleged herein.

56. As a direct and proximate result of Defendant's denial of Plaintiff's due process rights, Plaintiff has suffered actual damages in an amount to be proven at trial, including but not limited to, lost income from his inability to operate ACL in the normal course of its business.

## SECOND CAUSE OF ACTION
### (U.S. Constitution, Procedural Due Process; 42 U.S.C. § 1983)
### Against All Defendants

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

58. Defendants have arbitrarily and unreasonably deprived Plaintiff of his

due process rights by failing to adopt regulations requiring an opportunity to be heard prior to the denial of an application for re-Certification.

59. Health and Safety Code § 116701 is unconstitutional on its face because it circumvents due process requirements.  Unlike the timely hearing requirements codified in Health and Safety Code § 100910, which governs suspensions or revocations of a laboratory's accreditation, and Health and Safety Code § 100915(a)(2)(A), which governs temporary suspensions, Health and Safety Code § 116701 does not contain any language regarding provision of a timely hearing. The juxtaposition of the lack of any language guaranteeing a timely hearing for the denial of an application for renewal of accreditation with the timely hearing language contained in Health and Safety Code §§ 100910 and 100915(a)(2)(A) emphasizes that Defendants know how due process is supposed to work but declined to engage appropriately.

60. Health and Safety Code § 116701(c) states, with emphasis added: "The evidence before the state board shall consist of the record before the officer or employee who issued the order or decision and any other relevant evidence that, in the judgment of the state board, should be considered to implement the policies of this chapter.  The state board <u>may, in its discretion, hold a hearing</u> for receipt of additional evidence." Health and Safety Code § 116701(e) states, "The state board, upon notice and hearing, <u>if a hearing is held</u>, may stay in whole or in part the effect of the order or decision subject to the petition for reconsideration."  Both subparts of Health and Safety Code § 116701 unlawfully leave the right to a post-deprivation hearing following the loss of a property interest up to Defendants' unbounded discretion and must be prospectively enjoined to prevent ongoing violation of federal law.  (*Hason v. Medical Bd. of California*, 279 F.3d 1167 (9th Cir. 2002); *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996); *Children's Hosp. and Health*

*Ctr. v. Belshe*, 188 F.3d 1090, 1095 (9th Cir. 1999); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

61. Since Plaintiff's filing of his Petition for Reconsideration and request for a hearing, Defendants have failed to schedule a timely post-deprivation hearing as required by the Due Process Clause of the Fifth and Fourteenth Amendments. Instead, Defendants have weaponized the Health and Safety Code's lack of timeline and their own discretion to continue to violate Plaintiff's due process rights.

62. WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

Plaintiff hereby prays for judgment against Defendants as follows:

1. Judgment in Plaintiff's favor and against Defendants;

2. For actual damages, including general and special damages, in an amount according to proof, against Defendant Christine Sotelo in her individual capacity;

3. For equitable relief, including a preliminary and permanent injunction enjoining Defendant Christine Sotelo, in her official capacity, and Defendants State Board and ELAP from continuing to deprive Plaintiff of his valuable property right without due process;

4. For declaratory relief that Defendant Christine Sotelo, in her official capacity, and Defendants State Board and ELAP have violated Plaintiff's due process rights by depriving him of his valuable property right without an opportunity to be heard, and by failing to schedule a reconsideration hearing pursuant to California Health and Safety Code § 116701(c) within a reasonable time;

5. For declaratory relief that Health and Safety Code §116701 is facially unconstitutional for failing to provide due process related to denials of accreditation;

6. For exemplary and punitive damages;

1    7.   For costs of suit incurred herein;

2    8.   For attorney's fees as authorized under 42 U.S.C. § 1988;

3    9.   For any such other legal or equitable relief the Court may find proper.

4

5  DATED:  November 28, 2023          DOWNEY BRAND LLP

By: *[signature]*

MELISSA A. THORME
ANNA R. MARCROFT
LAUREN M. MURVIHILL
*Attorneys for Plaintiff Andrew Moroz*